IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* Kurt Bunk and Daniel Heuser, ) ) ) | |
| Plaintiffs/Relators, ) ) | |
| v. ) | No. 1:02cv1168 (AJT/TRJ) |
| ) | |
| BIRKART GLOBISTICS GmbH & CO., *et al.*, ) ) ) | |
| Defendants. ) ) | |
| UNITED STATES OF AMERICA *ex rel.* Ray Ammons, ) ) ) ) | |
| Plaintiff/Relator, ) ) | |
| v. ) ) | No. 1:07cv1198 (AJT/TRJ) |
| THE PASHA GROUP, *et al.*, ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OPINION

Under review are the objections to Magistrate Judge Jones' Order dated December 11, 2009 (the "Order") (Doc. No. 465). In the Order, acting pursuant Fed. R. Civ. P. 4(f)(3), Judge Jones authorized service of the Third Amended Complaint (Doc. No. 448) on certain defendants located in Germany through substitute methods of service. Specifically before the Court are the Objections to Magistrate Judge Jones's Order Dated December 11, 2009 Regarding Service of Process (Doc. No. 502) filed on behalf of Defendants Andreas Christ Spedition & MobelTransport, GmbH and Horst Bauer (collectively, the "Christ Defendants"), the Objections

to Magistrate Judge's Memorandum Opinion and Order Denying Motion to Quash Service of Process, Denying a Stay, and Authorizing an Alternate Means of Service (Doc. No. 507), filed on behalf of Defendants Viktoria International Spedition, Viktoria Schafer International Spedition, GmbH, Viktoria—SKS Kurt Schafer Internationale GmbH & Co., KG, Gillen & Garcon GmbH & Co. Internationale Spedition KG, Gillen & Garcon GmbH & Co. KG, M.T.S. Holding & Verwaltungs GmbH, dba M.T.S. Gruppe, Kurt Schafer, and Martina Schafer (collectively "Viktoria Defendants"), and the Motion to Stay Effect of Magistrate Judge Jones' Order Pending Resolution of Their Motion for Reconsideration and Rule 72 Objections (Doc. No. 509), filed on behalf of the Viktoria Defendants. Upon consideration of the objections and motions, the oppositions thereto, and the arguments of counsel during the hearing held on January 22, 2010, the Court affirms Magistrate Judge Jones' Order.

This action arises out of a bid rigging scheme among certain European and American companies with respect to the rates charged the United States government for the transportation of military personnel and their families to and from duty posts in Europe. This scheme was the subject of a successful criminal prosecution against certain defendants (but not the Viktoria or Christ Defendants) for, *inter alia*, a criminal conspiracy to defraud the United States.[1] On August 2, 2002, Relators Bunk and Heuser (the "relators") filed under seal in this district an action under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, alleging, among other claims, that the Viktoria and Christ Defendants, among others, were part of an alleged conspiracy to defraud the United States in violation of the False Claims Act. This action was unsealed in May 2008,

---

[1]*See United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502 (4th Cir. 2005). Based on this criminal proceeding, by Order dated January 25, 2010 (Doc. No. 557), this Court entered partial summary judgment as to liability against defendant Gosselein Worldwide Moving N.V. and defendant Marc Smet on the United States' claims for conspiracy to defraud the United States under the False Claims Act, 15 U.S.C. § 3729(a)(3) (Count I of the Complaint in Intervention (Doc. No.110)) and for common law conspiracy to defraud the United States (Count III of the Complaint in Intervention (Doc. No.110)).

and on July 18, 2008, the government filed a Complaint in Intervention (Doc. No. 110). On October 7, 2008, the relators filed a Second Amended Complaint (Doc. No. 140) and on December 7, 2009, a Third Amended Complaint (Doc. No. 448), both of which again included claims, *inter alia*, that the Viktoria and Christ Defendants participated in a conspiracy to defraud the United States in violation of the False Claims Act.

The Viktoria Defendants and the Christ Defendants are residents of Germany and have no physical presence in the United States; and the relators attempted to serve the Second Amended Complaint (Doc. No. 140) on the Viktoria Defendants and the Christ Defendants in Germany through the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, more commonly known as the "Hague Convention." As set forth in Article 1, the Hague Convention applies to all "civil and commercial matters" in which there is an "occasion to transmit a judicial or extrajudicial document abroad." For the purposes of effecting service pursuant to the Hague Convention, Articles 2–4 of the Hague Convention mandate that the participating country create a "Central Authority" to receive and process all documents to which the Hague Convention applies. Each country's Central Authority then performs the task of actually effecting service of any judicial documents from abroad on defendants within its territory. Under Article 4 of the Hague Convention, if the "Central Authority considers that the request does not comply with the [Hague Convention] it shall promptly inform the applicant and specify its objections to the request." Under Article 13 of the Hague Convention, the Central Authority is not required to comply with a request for service that infringes upon "the sovereignty or security" of the Central Authority's state, even if the Hague Convention does apply. Otherwise, Article 13 obligates the Central Authority to effect service even if its own laws would not permit the action upon which the request for service is made.

3

The relators delivered to the German Central Authority the necessary service papers pertaining to the Second Amended Complaint (Doc. No. 140). Pursuant to the Hague Convention, the German Central Authority initially instructed the applicable local courts to effect service of those papers on the Viktoria Defendants and the Christ Defendants.[2] After certain of these defendants were served on May 28, 2009, the Viktoria Defendants filed a petition to declare the service unlawful with the local German court in Hesse through which service was effected. In support of their petition, the Viktoria Defendants relied on the response of other local courts that refused to effect service on other defendants in Germany and also a letter dated July 2, 2009 from the Bavarian State Ministry of Justice and Consumer Protection (the "Bavarian State Ministry"). In that letter, the Bavarian State Ministry notified the relators that "the requested service . . . . according to [the Hague Convention] . . . has to be rejected." Exhibit 1 to the Viktoria Defendants' Motion for Reconsideration (Doc. No. 507) at 35. The Bavarian State Ministry further stated:

> The request is not in accordance with the above-mentioned convention as it is partly aimed at servicing a legal action which does not refer to a civil or commercial matter.
>
> According to the above-mentioned convention, the servicing of legal actions is admissible if the action refers to civil or commercial matters (Art.1 (1)). The action to be serviced as requested . . . does not only contain civil claims but also claims under public law (civil penalties). Claims for civil penalties are attributable to public law (criminal law).
>
> Therefore, please find the enclosed request (including enclosures) that has not been executed.

*Id.*

---

[2] It appears from the opinion of the Higher Regional Court of Frankfurt am Main, discussed *infra.*, that the relators' request for service under the Hague Convention on the Viktoria Defendants was dated April 9, 2009 and was first forwarded to the local court by the President of the Higher Regional Court of Frankfurt am Main as the Central Authority pursuant to Articles 2 and 3 of the Hague Convention. The record does not contain comparable information as to service on the Christ Defendants. *See* Exhibit 1 to Viktoria Defendants' Notice (Doc. No. 556) at 10 (Frankfurt Opinion) at 3.

4

The position taken by the Bavarian State Ministry notwithstanding, the local German court in Hesse denied the Viktoria Defendants' petition. A three judge panel of the Higher Regional Court of Frankfurt am Main (the "Frankfurt Appeals Court") then reviewed that ruling and issued its own decision on December 3, 2009. Exhibit 1 to Viktoria Defendants' Notice (Doc. No. 556) at 10 (the "Frankfurt Opinion").[3]

In its opinion, the Frankfurt Appeals Court recognized that the Hague Convention extends to all "civil or commercial matters" in which a judicial or extrajudicial document is to be transmitted abroad for the purpose of service. It nevertheless concluded that this action was not a "civil or commercial matter" within the meaning of Article 1 of the Hague Convention. In reaching that conclusion, the Frankfurt Appeals Court reasoned as follows:

> According to the panel's case law, the Hague Service Convention also extends in principle to claims for "punitive damages" .... In this connection, what matters is that these cases involve decisions on the existence or non-existence of private rights and legal relationships of equivalent standing .... In this respect, the focus is on the equivalent standing of creditor and debtor as private persons, insofar as the "punitive damages" are to be paid to the creditor and not, for example, to the state or other institutions. The same applies to a complaint seeking treble damages .... Accordingly, in the case law of the higher regional courts, the decisions uniformly adopt the position that in this connection, the determining factor is whether the respective plaintiffs are seeking damages for themselves, or as the case may be, are asserting an individual claim for their own benefit .... The served documents relate to an action under the False Claims Act filed by two private individuals (also) in the name of the United States of America, against the Petitioner and others. Importantly, however, in addition to seeking damages in their own name, the plaintiffs are also seeking treble damages in the name of the U.S. government for losses the U.S. government sustained by reason of the actions of the defendants.

Frankfurt Opinion at 7–8. Based on this reasoning, the Frankfurt Appeals Court

---

[3] On December 28, 2009, the Viktoria Defendants filed with this Court a copy of the decision, as issued in German, and on January 25, 2010 filed an English translation. As reflected in the English translation, the case on appeal is styled *Viktoria International Spedition Kurt Schafer GmbH & Co., KG i. L, represented by the liquidator Kurt Schafer, Wurzberger Str. 31, 63856 Beessenbach, Petitioner v. The State of Hesse (justice department), ultimately represented by the Office of the Attorney General, Frankfurt am Main, -The Attorney General – Zell 42, 60313 Frankfurt am Main, Docket no.: 50 E/2 – 93/09, Respondent.*

held:

> Given the facts described above, this case is not a civil action by virtue of the fact that the (private) plaintiffs in the American action are seeking damages not (only) for themselves or are not asserting individual claims for their own benefit . . . . Additionally, this punitive or sanction character of the "civil penalty," which does not exactly serve to settle private rights and legal relationships between persons of equivalent standing, cannot be seen as a civil or commercial matter within the meaning of article 1 of the Hague Service Convention.
>
> The overwhelmingly public law or criminal character of the complaint as a whole does not admit of classifying the action as a civil or commercial action . . . . The instruction of the Respondent's Central Authority to approve the request of judicial assistance, therefore, is unlawful because the conditions of article 1 of the Hague Service Convention were not met.

*Id.* at 8–9.

Following the letter from the Bavarian State Ministry, but before the decision of the Frankfurt Appeals Court, the Viktoria and Christ Defendants moved to quash in this Court the service that had been made in Germany, ostensibly under the Hague Convention (Doc. No. 398 and 401). Judge Jones held a hearing on those motions on December 4, 2009, and treated the relators' oppositions to those motions as a motion for relief under Fed. R. Civ. P. 4(f). In an Order dated December 11, 2009 (Doc. No. 465), Judge Jones, without the benefit of the Frankfurt Opinion, authorized service on the Viktoria Defendants and the Christ Defendants of the Third Amended Complaint (Doc. No. 448) under Rule 4(f)(3)[4] through (1) publication in

---

[4] Fed. R. Civ. P. 4(f) provides in pertinent part:

> Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;
> ***
> (3) by other means not prohibited by international agreement, as the court orders.

Germany, *and* (2) service on their domestic local legal counsel of record. In the Order, Judge Jones found that the Viktoria and Christ defendants have actual notice of the Third Amended Complaint (Doc. No. 448) and that these authorized substitute methods of service satisfy any due process constitutional requirements and "will not contravene the provisions of the Hague Convention assuming it applies at this point." Order at page 3.

On December 28, 2009, Defendants filed objections to the Order pursuant to Fed. R. Civ. P. 72(a). Under Fed. R. Civ. P. 72(a), this Court may modify or set aside any part of the Order (Doc. No. 465) that is "clearly erroneous or is contrary to law." In reviewing the Order, and the proper application of Rule 4(f), this Court must first decide whether the Hague Convention applies to service of the Third Amended Complaint (Doc. No. 448) on the Viktoria Defendants and the Christ Defendants.

Based on the decision of the Frankfurt Appeals Court, the German authorities have clearly concluded that this action is not within the category of cases covered under the Hague Convention, as delineated under Article 1.[5] In assessing permissible service under Rule 4(f), this Court finds that judgment dispositive on the issue of whether the Hague Convention applies to service abroad in this case, even though an American court would undoubtedly consider this action "a civil or commercial matter" within the American legal system. This Court defers to the judgment of the German authorities on this point for several reasons. First, Article 4 of the Hague Convention itself specifically assigns to the German Central Authority the authority to decide whether the requested service in Germany is covered by the Hague Convention. That the German authorities looked to German law, rather than American law, in determining whether

---

[5] The Viktoria Defendants and the Christ Defendants contend that the Frankfurt Appeals Court found that the Hague Convention *did* apply in this case, but that the Hague Convention prohibited service. The Court finds this argument without merit, as the Frankfurt Appeals Court explicitly held that this action did not come within the category of cases covered by the Hague Convention, as set forth in Article 1.

this case is a "civil or commercial matter" under Article 1 does not justify the Court's acting in a way that is inconsistent with that decision.[6] The Frankfurt Appeals Court understood this possible tension between American and German jurisprudence:

> The determining factor, in any event, should not be the type of action that is being conducted in the originating state [the United States]. Focusing on the subject matter of the action or the nature of the legal relationships from which the cause of action is derived, this case does not exactly involve a reconciliation of private interests. The primary nature of the relief sought is clearly that of a sanction, given that the asserted claims are not based on private legal relationships. The claims at issue here involve primarily compensation for losses sustained by the United States government . . . the fact that the action is (also) being prosecuted by private persons and, to American understanding is being conducted as a civil action, changes nothing.

Frankfurt Opinion at 10.

Second, in deferring to the decisions of the German authorities, this Court promotes, rather than undermines, comity between participating countries, without offending the constitutional requirements embedded in Rule 4(f), particularly since, as the Order recognized, service of the Third Amended Complaint (Doc. No. 448) will not prejudice defendants in the assertion of any objections to this Court's personal jurisdiction over them, but simply facilitate this Court's resolution of those objections. Moreover, as a practical matter, this Court has no practical ability to require the German Central Authority to effect service under an international convention that it has determined does not apply.[7] Likewise, in determining the availability of service under Federal Rule 4(f), this court's *de novo* determination of whether the Hague

---

[6] While the Viktoria Defendants and the Christ Defendants do not interpret the ruling of the Frankfurt Appeals Court to mean the Hague Convention does not apply, they do not dispute that the Court should accept that ruling.

[7] The Court has found no cases that deal directly with this "choice of laws" issue under the Hague Convention, although in *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (U.S. 1988), the Supreme Court dealt with a similar issue when the Court observed that the forum state determines if there is an "occasion to transmit a judicial or extrajudicial document for service abroad," another requirement of Article 1. *Id.* at 700-701. The Supreme Court noted that this result was "almost necessary" as a practical matter. *Id.* Likewise, in this case, there is no real alternative to accepting the judgment of a Central Authority as to whether the Hague Convention applies since this Court as a practical matter has no ability to order a foreign Central Authority to effect service.

8

Convention applies, after German authorities had decided that it does not, would effectively frustrate the intended purpose of Rule 4(f). Based on the decision of the Frankfurt Appeals Court that the action is not within the scope of Article 1 of the Hague Convention, this Court finds that for the purposes of determining available service under Rule 4(f), the Hague Convention does not apply to service of the Third Amended Complaint (Doc. No. 448) on the Viktoria and the Christ Defendants.

As the Hague Convention does not apply, substitute methods of service can be used to serve foreign defendants pursuant to Rule 4(f)(3) without regard to the Hague Convention.[8] *See FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531 (E.D. Va. 2005) (holding that when the defendant's address was unknown, the Hague Convention did not apply and courts were free to allow service through publication under 4(f)). As the Hague Convention does not apply, service on local counsel and through publication in Germany is not prohibited by the Hague Convention, meets constitutional muster under the circumstances of this case, and is otherwise appropriate.

For the above reasons, the Court affirms Magistrate Judge Jones' Order authorizing certain methods of service on the Viktoria and Christ Defendants.

An appropriate order will follow.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 04, 2010

---

[8] The Court notes that this is not a case where a Central Authority finds that the Hague Convention applies, but that service would offend state sovereignty. Here, the German authorities have ruled only that the Hague Convention does not apply to service in this case.