IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| United States of America ex rel. Kurt Bunk and Daniel Heuser, | ) ) ) ) | |
| Plaintiffs/Relators, | ) ) | |
| v. | ) ) ) | Civil No.1:02cv1168 |
| Birkhart Globistics GmbH & Co. Logistik Und Service KG, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| United States of America ex rel. Ray Ammons, | ) ) ) ) | |
| Plaintiffs/Relator, | ) ) | |
| v. | ) ) ) | Civil No.1:07cv1198 |
| The Pasha Group, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

Memorandum Opinion

Relators have filed a motion to compel (no. 573) that was prompted by defendants' objections to certain discovery requests. These objections fall under two categories: that defendants need not provide interrogatory responses or documents beyond the scope of the discovery requests and claims of the government; and, more recently, on the grounds that Counts

1

I - III of relators' Third Amended Complaint are no longer operative. Relators' Motion to Compel, p. 2. Both objections stem from the government's decision, as it intervened, to adopt some but not all of the False Claims Act allegations made by relators in Counts I - III of their Third Amended Complaint.

By order entered on March 12, 2010, the magistrate judge granted the motion to compel, overruled the objections in issue, and (incorporating a directive from the bench), required that discovery responses be served by April 9, 2010. This memorandum briefly sets forth the reasons for the ruling.

Defendants' grounds for refusing to respond to relators' discovery requests lack any foundation. There is neither any law nor any persuasive argument to support them.

The statute in issue, 31 U.S.C. § 3730 (b)(4), provides for only two degrees of government involvement in a False Claims Act suit. The government either intervenes and proceeds with the action under § 3730 (b)(4)(A), or declines to take over the action leaving the relator with the right to conduct it under § 3730 (b)(4)(B). However, even when the government proceeds with the action, the relator maintains the right to continue as a party with "unrestricted participation." § 3730 (c)(2)(D). This right to "unrestricted participation" carries with it, at the very least, the right to obtain discovery on the government's Complaint in Intervention.

Defendants' argument to the contrary has lately been reduced to the contention that relators' discovery requests are clearly duplicative of the government's and "should be curtailed or restricted, as permitted under 31 U.S.C. § 3730 (c)(2)(D)." That statute does permit the court to limit the unrestricted participation of a relator upon a defense showing "harassment . . . undue burden or unnecessary expense." However, defendants here have not made this showing.

More broadly, defendants contend that the government's intervention on all three §3729 claims, but pursuing fewer than all of the time periods, locations, and individual defendants included in the Third Amended Complaint's §3729 counts, somehow "extinguished" those allegations in relators' Third Amended Complaint which the government elected not to pursue.

First, defendants had the opportunity to raise this argument in their Motion to Dismiss but did not. Second, in his February 22, 2010 order, Judge Trenga ruled that because the issue had never been squarely presented to the court, relators' non-intervened allegations could not in fact be extinguished. Id. Third, the defendants offer no case law in support of the theory. Finally, the theory conflicts with the "unrestricted participation" language of § 3730 (c)(2)(D).

Finally, defendants assert that "a further problem exists with regard to splitting causes of action." Gosselin Defendants' Response, p. 3. The magistrate judge found no basis here for invocation of the doctrine of claim preclusion or *res judicata*, the elements of which are plainly not present here. See Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 490 (4th Cir. 1981).

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia
March 18, 2010